IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| A-1 EXPRESS DELIVERY SERVICE, INC., ) | CASE NO. 17-52865-pmb |
| ) | |
| **Debtor.** ) | |
| ) | |

**EMERGENCY MOTION FOR AUTHORITY TO ASSUME CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH SALE OF ASSETS**

**PARTIES TO CONTRACTS, LEASES OR LICENSES WITH THE DEBTOR SHOULD
EXAMINE EXHIBIT A ATTACHED HERETOTO THIS MOTION, TO LOCATE THEIR NAMES
AND CONTRACTS, LEASES OR LICENSES**

COMES NOW A-1 Express Delivery Service, Inc. (the "**Debtor**") in the above-styled Chapter 11 case (the "**Case**"), by and through the undersigned counsel, and makes and files this Emergency Motion pursuant to pursuant to Sections 105(a) and 365(a) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. as amended (the "**Bankruptcy Code**"), and Rules 2002, 6006, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), allowing the Debtor to assume certain executory contracts and unexpired leases of real and personal property (collectively, the "**Contracts**") in connection with their previously-filed motion to sell substantially all of their assets, and to assign the Contracts to the designated purchaser identified in the motion to sell. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1.

This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of the Debtor's Chapter 11 case and

this Motion in this District are proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6006, 9006 and 9007.

## Background

2.

On February 14, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no committee has been appointed in this Case.

3.

On March 7, 2017, the Debtor filed its *Emergency Motion (A) For Authority to Sell Assets Free and Clear of Liens, Claims, and Encumbrances (B) To Assume and Assign Certain Executory Contracts, Leases and Licenses and Establish Cure Costs in Connection Therewith; (C) To Establish Procedures with Respect to Such Sale and the Assumption and Assignment of Executory Contracts and Leases, and (D) To Shorten and Limit Notice* [Dkt. No. 53] (the "**Sale Motion**"), which Sale Motion is scheduled to be heard on March 16, 2017 (the "**Hearing**").

## Relief Requested

4.

Prior to the Petition Date, the Debtor entered into certain pre-petition Contracts with various parties. A list of the Contracts is attached hereto as <u>Exhibit A</u>. The Contracts may contain confidential information and therefore are not attached hereto, but are available upon request by

interested parties.  Inclusion on Exhibit A should not be deemed an admission that such Contracts are "executory" within the meaning of Section 365 of the Bankruptcy Code.

5.

The Debtor requests authority from this Court to assume and assign the Contracts to the proposed purchaser of Debtor's assets, Greenwich Logistics, LLC ("**Greenwich**") at the closing of any sale approved by this Court pursuant to the Sale Motion.  The Debtor reserves the right to exclude any or all of the Contracts from assumption and assignment prior to the closing of the sale, if approved by this Court (the "**Sale Order**").

**Establishing Cure Costs and Adequate Assurance**

6.

The Debtor, by this Motion, is also requesting that any objections by non-Debtor parties to the Contracts to assumption and assignment be determined at the Hearing.  In assuming the Contracts, Greenwich will cure defaults and/or pay all amounts (collectively, "**Cure Costs**"), if any, as required by Section 365(b) of the Bankruptcy Code and will provide adequate assurance of future performance by the Purchaser to whom the Assigned Contracts are being assigned. Exhibit A lists all amounts that the Debtor believes will be necessary to cure defaults under any of the Contracts.  The Debtor requests that, unless an objection to the proposed Cure Costs is properly and timely filed and served, the Court enter an order providing that the Cure Costs shall be fixed at the amounts shown on Exhibit A (as such may be amended) and shall constitute the entire amount necessary to cure and/or provide compensation for any defaults under Section 365(b) of the Bankruptcy Code.  If an objection to a particular Cure Cost is timely filed and served, the Debtor request that the Court determine the disputed Cure Cost at the Hearing on this Motion.  The Cure Costs as ultimately determined by the Court shall be paid as soon as practicable following

the closing any sale approved by this Court, or on such other date as shall be determined by the Court.

7.

It shall be Greenwich's responsibility for providing evidence necessary for the Court to find that the assignee can provide adequate assurance of future performance of the Contracts within the meaning of Section 365(b)(1)(C) of the Bankruptcy Code. Attached hereto as Exhibit B is evidence that Greenwich can provide such adequate assurance of future performance. Greenwich will assume all obligations that arise after the closing date under each of the Contracts to be assigned to it. The Debtor will be relieved of any post-assignment liability for any breach of a Contract in accordance with Section 365(k) of the Bankruptcy Code.

**Basis for Relief**

8.

Since the Petition Date, the Debtor has sought authority to sell its assets to Greenwich, which Sale Motion is scheduled to be heard at the Hearing. In furtherance of that sale, Greenwich has identified certain contracts which it needs to operate the business post-closing. In the exercise of its business judgment, the Debtor has now determined that it is in the best interest of the Debtor, its creditors and its estate to assume the Contracts and assign them to Greenwich.

9.

Section 365(a) of the Bankruptcy Code authorizes a debtor to assume or reject its executory contracts and unexpired leases subject to the approval of the bankruptcy court: "(a) Except as provided in…. subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

- 4 -

10.

Courts evaluate a decision to assume or reject an executory contract or unexpired lease under the "business judgment" standard. *See In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984). This standard is satisfied if the debtor determines in its business judgment that the rejection of the contract or lease would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989); *In re Bicoastal Corp.*, 125 B.R. 658, 667 (Bankr. M.D. Fla. 1991). The business judgment standard requires that the court approve the debtor's business decision unless that judgment is the product of bad faith, whim, or caprice. *See Lubrizol Enter. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985); *In re Prime Motor Inns*, 124 B.R. 378, 383 (S.D. Fla. 1991).

11.

As noted above, the Debtor has determined, in the exercise of its business judgment, that assuming the Contracts, effective as of the closing date of any sale approved by this Court, and assigning them to Greenwich is in the best interests of its estate and creditors. The Contracts are comprised of various leases of real property, various leases of personal property, and other agreements necessary to operate the Debtor's business.

12.

The cure costs for each of the Contracts is listed on <u>Exhibit A</u> hereto. The proposed sale to Greenwich provides, *inter alia*, for Greenwich to pay all cure costs associated with the Contracts.

**Expedited Notice**

13.

Notice of this Motion is being provided to each of the counter-parties to the Contracts, the Office of the United States Trustee, counsel for Greenwich, and counsel for the Debtor's prepetition secured lender via email or overnight mail.  In light of the nature of the relief requested, the Debtor respectfully requests that the Court find that no further notice is necessary.  Given the extremely dire circumstances facing the Debtor, the Debtor contends that the forms of notice set forth above and the period for scheduling the Hearing on the Motion comport with Bankruptcy Rules 6004, 6006 and 9007, constitute good and sufficient notice of the relief sought herein, and of all hearings and procedures contemplated hereby.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that this Court:

(a) grant the Motion authorizing the Debtors to assume the Contracts and assign them to Greenwich at closing; and

(b) grant the Debtor such other and further relief as is just and proper.

Respectfully submitted, this 9th day of March, 2017.

SCROGGINS & WILLIAMSON, P.C.

One Riverside
4401 Northside Parkway            /s/ Matthew W. Levin
Suite 450                         J. ROBERT WILLIAMSON
Atlanta, Georgia 30327            Georgia Bar No. 765214
T: (404) 893-3880                 MATTHEW W. LEVIN
F: (404) 893-3886                 Georgia Bar No. 448270
E: rwilliamson@swlawfirm.com      ROBERTO BAZZANI
   mlevin@swlawfirm.com           Georgia Bar No. 609464
   rbazzani@swlawfirm.com

*Counsel for the Debtor*

## EXHIBIT "A"

## List of Contracts to be Assumed and Assigned

| Counterparty | Description | Date | Cure Cost |
|---|---|---|---|
| 917 & 925 West Hyde Park Properties, LLC<br>2459 West 208th Street. Suite 203<br>Torrance, CA  90501<br>Attn: Tom Baaden<br>tbaaden@astbb.com | Real property lease for office space in Inglewood, CA | 12/2/13 | $8,714.00 |
| 1450 West Peachtree, LLC<br>1450 West Peachtree Street<br>Atlanta, GA  30309<br>Attn:  Maria Akridge<br>maria.akridge@mastermindmarketing.com | Real property lease for office space in Atlanta, GA | 2/10/2017 | $0.00 |
| ADP<br>Plan # 672850<br>Attn: Lisa Faust<br>Lisa.Faust@adp.com | 401(k) administration | | $0.00 |
| Archway<br>Attn: Susan K. Brown, ARM<br>Senior Program Manager<br>Captive Resources, LLC<br>201 E. Commerce Dr.<br>Schaumburg, IL 60173 | Captive Insurance – Vehicle Insurance and Workers' Comp | | $0.00 |
| Cigna<br>Attn: Jenifer Pecht<br>Email: Jenifer.pecht@cigna.com | Health plan | | $0.00 |
| Cypress Street LLC<br>545 Cypress Street<br>Hermosa Beach, CA  90254<br>Attn:  Julie Oakes | Real property lease for office space in Hermosa Beach, CA | 4/27/16 | $1,300.00 |
| DCT Williams Street LLC<br>555 17th Street, Suite 3700<br>Denver, CO  80202<br>Attn:  Terri Allen | Real property lease for parking in San Leandro, CA | | $0.00 |

| | | | |
|---|---|---|---|
| Mangrove Cay LP<br>2500 Eldo Road<br>Monroeville, PA  15146<br>Attn:  Jeanne Moss | Real property lease for parking lot in Pittsburgh, PA | 4/27/16 | $0.00 |
| Paycom Payroll, LLC<br>5 Concourse Parkway Suite 2400<br>Atlanta, GA  30328<br>Attn: Emmy Haeger<br>Email: emmy.haeger@paycomonline.com | Payroll processor | 8/19/16 | $0.00 |
| Scanlan Kemper Bard Co<br>810 NW Marshall Street, Suite 300<br>Portland, OR  97209<br>Attn:  Stephen Wong | Real property lease for office space in San Leandro, CA | | $1,200.00 |
| Shopify<br>150 Elgin Street, 8th Floor<br>Ottawa, Ontario K2P 1L4<br>Canada<br>Attn:  Alex Bakus<br>Email: alex.bakus@shopify.com | Credit Card Advance Loan/Shopping Card and Peachtree Petals Website | 10/26/2015 | $57,708.26 |
| Susquehanna Commercial Finance<br>c/o Branch Banking and Trust Company<br>2 Country View Road, Suite 300<br>Malvern, PA 19355<br>Attn: Brian Engelhardt<br>Email:  bengelhardt@bbandt.com | Finance agreement for computers and computer server | 12/14/2015 | $0.00 |
| Union Real Estate<br>301 Grant Street, Suite 1250<br>Pittsburgh, PA  15219<br>Attn:  Ed Kernisky<br>Email: ekernisky@unionreal.com | Real Property Lease for office space in Pittsburgh, PA | | $1,092.00 |
| US Premium Finance<br>280 Technology Parkway, Suite 200<br>Norcross, GA  30092<br>Attn:<br>(770) 446-8773 | Insurance finance for workers' comp policy | 12/6/16 | $0.00 |

- 9 -

| | | | |
|---|---|---|---|
| Western Equipment Finance, Inc.<br>503 Highway 2 West<br>Devils Lake, ND  58301<br>Email: customerservice@westernequipmentfinance.com | Equipment Lease for computer equipment | 11/15/2016 | $0.00 |
| Wintrust Capital<br>9700 West Higgins Road<br>Rosemont, IL  60018<br>Attn:  Brad McDonnell<br>(303) 725-4311 | Equipment Lease for telephone system, computers and computer server | 12/14/2015 | $0.00 |

# EXHIBIT "B"

### Adequate Assurance Information

**Overview of Greenwich Logistics, LLC**

Greenwich Logistics, LLC is a newly formed Delaware limited liability company in good standing and is a wholly owned subsidiary of Need It Now Delivers, LLC ("Need It Now"), also a Delaware limited liability company in good standing.

Need It Now is a national leader in the delivery, freight, logistics and warehousing businesses and transports packages and freight throughout the United States and worldwide. Among Need It Now's subsidiaries and operating divisions are:

ASAP Courier & Logistics;
Expressway Courier & Freight;
SOS Logistics;
Lucky 2 Logistics;
Need It Now Courier of Maryland;
FastMile Delivers;
SDS Global Logistics;
Maryland Messenger;
Quick One; and
WDS Courier.

The Need It Now family of companies has a combined 400 years of experience in the messenger, courier and logistics industries and currently employs over 400 workers. Always evolving through the use of improved technology and an ever-expanding fleet of trucks and vans, Need It Now continues to employ the most current methods for delivering, tracking and reporting its customers' shipments, documents and packages.

Need It Now operates offices and warehouses located in:

Ft. Lauderdale, Florida;
Orlando, Florida;
Atlanta, Georgia;
Charleston, South Carolina;
Charlotte, North Carolina;
Baltimore, Maryland; and
West Orange, New Jersey

Additional offices are located in:

Danbury, Connecticut; and
Long Island, New York

The companies' main headquarters is located in Woodside, New York in the borough of Queens.

Need It Now offers the following services to its customers: rush courier and on-demand delivery; prescheduled and routed delivery; warehousing; expedited air freight; international air freight; LTL, truckload and expedited trucking; home and final mile delivery; and facilities management.

Among the industries served by Need It Now are: health services; accounting; architecture and engineering; financial and banking; legal; public relations; home delivery and final mile distribution; retail; construction and building; food services and hospitality; and freight forwarding.

The companies' customers include large and well-known retailers, both online and brick and mortar; major law firms and investment banks, and leading health services companies.

In all of these areas, Need It Now employs sophisticated technology and superior service to provide its customers with fast, efficient and quality performance.  Need It Now has been providing these services to its customers for over 25 years and throughout its history has been recognized for being fast and dependable.