IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| A-1 EXPRESS DELIVERY SERVICE, INC., | ) | CASE NO. 17-52865-pmb |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**STIPULATION AMENDING LIST OF CONTRACTS APPENDED TO EMERGENCY MOTION FOR AUTHORITY TO ASSUME CONTRACTS AND UNEXPIRED LEASES TO ADD DONLEN CONTRACTS, AS CONSENSUALLY MODIFIED**

**THIS MATTER** having come before the Court by way of *Debtors' Emergency Motion for Authority to Sell Assets Free and Clear of Liens, to Assume and Assign Executory Contracts and for other relief* [Docket No. 53] (the "**Sale Motion**") and the *Debtor's Emergency Motion to Assume Executory Contracts and Leases* [Docket No. 60] (the "**Cure Motion**"); and Donlen Corporation ("**Donlen**"), A-1 Express Delivery Service, Inc. (the "**Debtor**") and the proposed purchaser Greenwich Logistics LLC (the "**Purchaser**") having reached an agreement whereby the Debtor shall assume and assign the Donlen Contracts (defined below), as modified herein, to the Purchaser pursuant to 11 U.S.C. § 365; and the Court having fully considered the pleadings submitted, and the stipulations of the Debtor, Greenwich and Donlen, hereby finds as follows:

**WHEREAS** on February 14, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Court**").

**WHEREAS** the Debtor continues to operate its businesses as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS** prior to the Petition Date, Donlen entered into the following executory contracts and/or unexpired leases with the Debtor:

(i) Master Motor Vehicle Lease Agreement dated October 28, 2013 (the "**Lease**");

(ii) Master Services Agreement dated October 28, 2013 (the "**Services Agreement**"); and

(iii) Security Agreement dated October 28, 2013 (the "**Security Agreement**").

The foregoing agreements are collectively referred to as the "Donlen Contracts".

**WHEREAS** as of the Petition Date, Donlen asserts that the Debtor was obligated to Donlen in the approximate amount of $314,265.30 (the "**Donlen Claim**") representing unpaid rental under the Lease for the months of January and February of 2017, as well as non-rental payments under the Services Agreement due for the week prior to the Petition Date.

**WHEREAS** Donlen asserts that the portion of the February rental invoice attributable the portion of that month subsequent to the Petition Date (February 14 through February 28) is properly classified as a Chapter 11 administrative expense of the estate as it represents a reasonable and necessary charge for the Debtor's post-petition use of the leased vehicles. Deducting one half of the February lease payment from the Donlen Claim results in an asserted post-petition administrative claim of $79,916.57 (the "**Donlen Post-Petition Stub Claim**") and an asserted pre-petition claim of $234,348.73 (the "**Donlen Pre-Petition Claim**").

**WHEREAS** on March 9, 2017, the Debtor filed the Cure Motion which identified certain executory contracts to be assumed and assigned by the Debtor in conjunction with the Sale Motion.

**WHEREAS** the Donlen Contracts were not identified in the Cure Motion as contracts to be assumed and assigned by the Debtor.

**WHEREAS** the Court entered an Order on March 17, 2017 [Docket No. 80] (the "**Sale Order**") granting the Sale Motion and the Cure Motion.

**WHEREAS** since the filing of the Cure Motion the parties have conferred and reached an agreement whereby the Debtor will assume the Donlen Contracts, consensually modified as set forth herein, and assign same to the Purchaser in conjunction with the sale of its assets to the Purchaser.

**NOW, THEREFORE, IT IS STIPULATED** as follows:

1.  Pursuant to Section 365(a) and (b) of the Bankruptcy Code, the Sale Order and this Stipulation, the list of contracts appended to the Cure Motion is hereby amended to add the Donlen Contracts and are hereby assumed by the Debtor, modified only as set forth in Paragraph 2 of this Stipulation, and assigned to the Purchaser, contingent upon and effective as of the closing of the sale of the Debtor's assets to the Purchaser (the "**Closing Date**").

2.  As of the Closing Date and upon effectiveness of the assumption and assignment, the Lease is modified as follows:

    (i) In terms of cure, as to the Donlen Pre-Petition Claim, Donlen shall not receive any funds from the proceeds of sale and/or otherwise from the Purchaser; rather, Donlen shall be authorized, entitled and empowered to apply the security deposit in its possession in the amount of $175,000 towards the Donlen Pre-Petition Claim. Donlen shall retain the right to file a pre-petition unsecured proof of claim for the balance of the Donlen Pre-Petition claim remaining after application of the security deposit.

    (ii) Contingent upon the closing of sale to the Purchaser and the effectiveness of the assumption and assignment, Donlen has agreed to reduce its Post-Petition Stub claim to $30,000 which, together with any other unpaid post-petition charges under the Lease and Services Agreement attributable to the period from the Petition Date through the Closing Date, shall be paid by the Purchaser pursuant to Section 2.1.1(c) of the Asset Purchase Agreement attached to the Sale Motion as an assumed Chapter 11 administrative obligation of the estate. To the extent the contemplated sale to the Purchaser does not close, or the assumption and assignment of the Donlen Contracts to the Purchaser does not become effective, the Donlen Post Petition stub claim against the estate shall not be compromised or reduced by this Stipulation and Consent Order and Donlen shall retain the right to assert to said claim in full.

    (iii) The assumed Lease will be consensually modified to reflect the revised pricing/cost terms as follows:

☐ The applicable interest rate under the Lease shall be reduced to Donlen Commercial Paper +50 basis points.

☐ The Administrative Fee under the Lease shall be set at .07%.

☐ The Depreciation Factor for vehicles of Model Year 2013 shall be reduced to 1.67%.

☐ The Depreciation Factor for vehicles of Model Year 2016 shall be reduced to 2.00%.

☐ The Depreciated Value for each vehicle under the Lease shall equal the capitalized cost for each vehicle less the sum equal to the depreciation percentage of the capitalized cost for such vehicle for each full calendar month from the Rental Start Date though the Petition Date computed for payments actually received by Donlen from the Debtor on or prior to the Petition Date.

3. Upon the Closing Date and the effectiveness of the assumption and assignment, the Purchaser shall be responsible for payment and performance under the Donlen Contracts on a going forward basis.  Donlen and the Purchaser (or its designee) may, at their election, execute new and revised agreements reflecting the modifications set forth in this Stipulation.

4. Except as expressly provided by this Stipulation nothing in this Stipulation shall be deemed as a waiver by Donlen, the Debtor or the Purchaser of any rights under the Donlen Contracts or waive any obligation under the Donlen Contracts, including, without limitation, any default or indemnification obligation under same whether said default(s) or indemnification obligation are known or unknown and regardless of whether they are the subject of outstanding default or indemnification notice(s).

5. The terms and provisions of this Stipulation shall be binding upon any trustee and/or committee which may be appointed in the Debtor's bankruptcy proceedings and shall survive any dismissal of the bankruptcy case.

**AGREED, STIPULATED AND SUBMITTED BY**:

This 21st day of March, 2017.

| | |
|---|---|
| SCROGGINS AND WILLIAMSON P.C.<br>Attorneys for Debtor/Debtor-In-Possession | LECLAIR RYAN<br>Attorneys for Donlen Corporation and<br>Donlen Trust |
| By: /s/ Matthew W. Levin<br>    MATTHEW W. LEVIN<br>    Georgia Bar No. 448270<br>    One Riverside<br>    4401 Northside Parkway, Suite 450<br>    Atlanta, GA  30327<br>    (404) 893-3880<br>    mlevin@swlawfirm.com | By: /s/ David S. Catuogno (with express permission by MWL)<br>    DAVID S. CATUOGNO<br>    One Riverfront Plaza<br>    1037 Raymond Boulevard, 16th Floor<br>    Newark, NJ  07102<br>    (973) 491-3368<br>    david.catuogno@leclairryan.com |

LAW OFFICES OF HENRY F. SEWELL, JR., LLC
Attorneys for Greenwich Logistics, LLC


By: /s/ Henry F. Sewell, Jr (with express
     permission by MWL
    HENRY F. SEWELL, JR.
    Georgia Bar No. 636265
    Suite 200, 3343 Peachtree Road
    Atlanta, Georgia 30326
    (404) 926-0053
    hsewell@sewellfirm.com