**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| A-1 EXPRESS DELIVERY SERVICE, INC. ) | Chapter 7 |
| ) | Case No. 17-52865-pmb |
| ) | |
| M. Denise Dotson, as Chapter 7 Trustee of A-1 ) | |
| Express Delivery Service, Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adv. No. Refer to Summons |
| v. ) | |
| ) | |
| Quick Delivery, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

M. Denise Dotson, the duly-appointed Chapter 7 Trustee (the "Plaintiff" or "Trustee") of A-1 Express Delivery Service, Inc. ("Debtor") in the above-captioned chapter 7 case, by and through her undersigned counsel, files this complaint (this "Complaint") to avoid and recover transfers against Quick Delivery, Inc. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

**NATURE OF THE CASE**

1.  Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of Debtor pursuant to sections 547 and 550 of the United States Bankruptcy Code (the "Bankruptcy Code"). Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or

entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against Debtor or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of her rights and the rights of Debtor to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Northern District of Georgia (the "Court"), captioned A-1 Express Delivery Service, Inc., Case No. 17-52865-pmb, pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2)(B), (F), and (H), and the Court may enter final orders for matters contained herein.

6. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

7. On February 14, 2017 (the "Petition Date"), Debtor commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8. On May 1, 2017, the Court entered an order converting the Debtor's case to a case under chapter 7 of the Bankruptcy Code (the "Conversion Order") [Dkt. No. 110], and the Trustee was appointed on May 4, 2017 [Dkt. No. 112].

9. Pursuant to the schedules and amended schedules filed by Debtor, the liabilities of Debtor exceed its assets, and therefore general unsecured claims are not expected to be paid in full.

## THE PARTIES

10. Pursuant to Bankruptcy Code sections 547, 548, 550, and 704(a), as well as pursuant to the Conversion Order and the appointment of the Trustee, Plaintiff is authorized and has standing to investigate, pursue, commence, prosecute, compromise, settle, or otherwise resolve certain causes of action under chapter 5 of the Bankruptcy Code, including the instant avoidance action.

11. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor of Debtor. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 3199 Mercier Street, Kansas City, MO 64111. Plaintiff is informed and believes and on that basis alleges that Defendant is a business entity residing in and subject to the laws of the State of Missouri.

## FACTUAL BACKGROUND

12. Debtor was a leading provider of same-day transportation and distribution services across the country. From its headquarters in midtown Atlanta, Debtor managed the transportation, distribution and logistics for well over 1500 active clients, including many Fortune 500 companies with operations throughout the United States. Debtor provided next day services for Amazon.com in five (5) cities, employing over 300 drivers. Additionally, Debtor operated two (2) same-day florist locations in Atlanta and Los Angeles.

13. During the ninety (90) days before the Petition Date, that is between November 16, 2016 and February 13, 2017 (the "Preference Period"), Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

14. Upon information and belief, during the course of their relationship, Debtor and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to Debtor as described in the "Parties" section of this Complaint.

15. Debtor and Defendant conducted business with one another through and including the Petition Date pursuant to the Agreements.

16. As identified in the Agreements, Debtor purchased goods and/or services from Defendant.

17. Plaintiff has completed an analysis of all readily available information of Debtor and is seeking to avoid all of the transfers of an interest of Debtor's property made by Debtor to Defendant within the Preference Period.

18. Debtor made transfer(s) of an interest of Debtor's property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $2,367.94 (the "Transfer" or "Transfers").

19. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by Debtor of an interest in its property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves her right to amend this original

Complaint to include: (i) further information regarding the Transfer(s); (ii) additional transfers; (iii) modifications of and/or revision to Defendant's name; (iv) additional defendants; and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### COUNT I
### AVOIDANCE OF PREFERENCE PERIOD TRANSFERS
### 11 U.S.C. § 547

20. Plaintiff incorporates all preceding paragraphs as if fully stated verbatim herein.

21. During the Preference Period, Debtor made Transfers to or for the benefit of Defendant in an aggregate amount not less than $2,367.94. The Transfers are described more thoroughly in Exhibit "A" attached hereto and incorporated herein by reference.

22. Each Transfer was made from one of more of the accounts described above, and constituted transfers of an interest in property of Debtor.

23. Defendant was a creditor of Debtor at the time of each Transfer by virtue of supplying goods and/or services identified in this Complaint and in the Agreements to Debtor, for which Debtor was obligated to pay following delivery in accordance with the Agreements.

24. Each transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Debtor to Defendant.

25. Each transfer was made for, or on account of, an antecedent debt or debts owed by Debtor to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined by the Bankruptcy Code) of Defendant prior to being paid by Debtor.

26. Each Transfer was made while Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

27. Each transfer was made during the Preference Period.

28. As a result of each Transfer, Defendant received more than Defendant would have received if (i) Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from Debtors bankruptcy estate.

29. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
## AVOIDANCE OF FRAUDULENT CONVEYANCES
## 11 U.S.C. § 548(A)(1)(B)

30. Plaintiff incorporates all preceding paragraphs as if fully stated verbatim herein.

31. To the extent one or more of the Transfers identified herein was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by another Debtor but paid by Debtor, Plaintiff pleads in the alternative that Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    a. Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

    b. Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Debtor or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

    c. Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

32. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
## RECOVERY OF AVOIDED TRANSFERS
## 11 U.S.C. § 550

33. Plaintiff incorporates all preceding paragraphs as if fully stated verbatim herein.

34. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

35. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

36. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
## DISALLOWANCE OF ALL CLAIMS
## 11 U.S.C. § 502(d) and (j)

37. Plaintiff incorporates all preceding paragraphs as if fully stated verbatim herein.

38. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

~ 8 ~

39. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

40. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's chapter 7 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

41. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's chapter 7 estate or Plaintiff previously allowed by the Debtor or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

WHEREFORE, Plaintiff requests the following relief:

(a) On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorney's fees;

(b) On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against Debtor until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

(c) Any other further relief the Court may deem just and proper.

**ROUNTREE LEITMAN & KLEIN, LLC**

/s/ David S. Klein
William A. Rountree
State Bar of Georgia No. 616503
David S. Klein
State Bar of Georgia No. 183389
Samantha Tzoberi
State Bar of Georgia No. 140809
Attorneys for Plaintiff

2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329
(423) 961-3227
wrountree@rlklawfirm.com
dklein@rlklawfirm.com
stzoberi@rlklawfirm.com

Exhibit "A"

| Date | Account | Source | Recipient Payee | Reference | Amount | Clear Date |
|---|---|---|---|---|---|---|
| 11/18/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21371 | (138.42) | 11/25/16 |
| 11/18/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21371 | (42.75) | 11/25/16 |
| 11/18/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21371 | (683.36) | 11/25/16 |
| 11/18/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21371 | (498.75) | 11/25/16 |
| 11/21/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21405 | (59.71) | 11/25/16 |
| 11/21/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21405 | (80.73) | 11/25/16 |
| 11/21/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21405 | (181.24) | 11/25/16 |
| 11/21/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21405 | (42.75) | 11/25/16 |
| 12/23/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21949 | (42.75) | 12/30/16 |
| 12/23/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21949 | (42.75) | 12/30/16 |
| 12/23/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21949 | (95.24) | 12/30/16 |
| 12/23/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21949 | (128.07) | 12/30/16 |
| 12/23/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21949 | (165.94) | 12/30/16 |
| 12/23/16 | Suntrust - Main | Payable Payment | Quick Delivery Inc-MO | 21949 | (165.48) | 12/30/16 |